FILED

17 OCT 11 PM 4:36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: KMC  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGHEE TONY DUCLOS,<br><br>    Petitioner,<br><br>v.<br><br>DANIEL PARAMO,<br><br>    Defendant. | Case No.: 3:16-cv-2230-H-KSC<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>[Doc. No. 15] |

Petitioner McGhee Tony Duclos, ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 2254. Before this Court is petitioner's Motion for Appointment of Counsel. [Doc. No. 15] Petitioner asks the Court to appoint counsel for him because he has "limited access to a law library and other materials necessary to facilitate proper legal research." [*Id.* at p. 1]. Petitioner further contends that he "is a layman at the law with little experience in the complex and confusing methods of legal research, reasoning and writing." [*Id.*] He "does not know what papers should now be filed or submitted to the court or defendants, to further the litigation of this case." [*Id.*] For the reasons set forth below, Petitioner's Motion is **DENIED**.

//
//
//

1

3:16-cv-2230-H-KSC

## DISCUSSION

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Bonin v. Vasquez*, 999 F.2d 425 (9th Cir. 1993). District Courts have discretion to appoint counsel for a "financially eligible person" when it determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary hearing is "warranted" under Rule 8(b) of the Federal Rules Governing Section 2254 Cases, the decision to appoint counsel is within the discretion of the District Court. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728-729 (9th Cir. 1986). To determine whether to exercise this discretion, the District Court "must focus on whether the denial of petitioner's motion for appointment of counsel [would amount] to a denial of due process." *Id.*

Based on a review of the Petition and other filings in the case, the issues presented are no more complex than those submitted by other habeas petitioners on a regular basis. Thus far, petitioner has sufficiently represented himself. From the face of his Petition, it appears petitioner has a good grasp of the legal and factual issues involved in his case. Petitioner chose to resubmit briefing from his appeal to the California Court of Appeals, which contains extensive arguments alleging errors made by the trial court. Under these circumstances, the Court finds that the interests of justice do not require the appointment of counsel in petitioner's case at this time. The Court will reconsider this decision if it is determined at a later date that an evidentiary hearing is warranted or if other circumstances indicate appointment of counsel is necessary to avoid a violation of due process.

//
//
//
//
//
//

## CONCLUSION

Consequently, Petitioner Duclos's Motion for Appointment of Counsel [Doc. No. 15] is **DENIED** without prejudice.

Dated: October 11, 2017

Hon. Karen S. Crawford
United States Magistrate Judge