FILED

17 OCT 12 PM 3:57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _RMC_ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCGHEE TONY DUCLOS,<br><br>Petitioner,<br>v.<br>DANIEL PARAMO,<br><br>Respondent. | Case No.: 3:16-cv-02230-H-KSC<br><br>**REPORT AND RECOMMENDATION RE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 15] |

On August 31, 2016, McGhee Tony Duclos ("petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his conviction in San Diego County Superior Court.[1] [Doc. No. 1].

This Report and Recommendation is submitted to United States District Judge Marilyn L. Huff pursuant to Title 28 United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Based on the moving and opposing papers, and for the reasons outlined below, this Court **RECOMMENDS** that the Petition be **DENIED**.

---

[1] *People v. McGhee Tony Duclos*, SCD246946.

1

## PROCEDURAL HISTORY

On March 20, 2013, petitioner was charged as follows in a criminal Complaint: (1) one count of carjacking (Cal. Pen. Code § 215(a)); and (2) one count of robbery (Cal. Pen. Code § 211). [Doc. No. 9-1, at pp. 7-11]. Both counts included an enhancement for the use of a deadly and dangerous weapon in the commission of the offenses (Cal. Pen. Code § 12022(b)(1)). [*Id.*]. The Complaint also alleged petitioner was previously convicted of multiple felony offenses between 2004 and 2007 that could increase his sentence if convicted. [*Id.*].

On January 31, 2014, a jury found petitioner guilty on all charges. [Doc. No. 9-2, at pp. 246-249]. The trial court sentenced petitioner to an aggregate term of 36 years to life in prison. [Doc. No. 9-2, at pp. 251].

On October 3, 2014, petitioner filed a direct appeal to the California Court of Appeal, Fourth Appellate District.[2] [Doc. No. 9-10]. On direct appeal, petitioner argued (1) the trial court abused its discretion in excluding certain evidence related to his unconsciousness defense under California state law; (2) the trial court's ruling on exclusion of such evidence violated his constitutional right to due process and his right to present a defense; (3) the trial court erred in instructing the jury pursuant to the CALCRIM instruction on unconsciousness because the instruction improperly lessened the prosecution's burden of proving every element of the charged offenses beyond a reasonable doubt; (4) the trial court erred in failing to exclude evidence from his cell phone after his arrest because the search of his phone was conducted without a warrant; and (5) the cumulative effect of the errors alleged required reversal. [Doc. No. 9-10, at pp. 11-12]. On September 4, 2015, in an unpublished opinion, the California Court of Appeal rejected petitioner's claims and affirmed the judgment. [Doc. No. 9-12].

---

[2] *People v. McGhee Tony Duclos*, D065591 2015 WL 5176814 (Cal. Ct. App. Sept. 4, 2015).

On September 30, 2015, petitioner filed a petition for review in the California Supreme Court.³ [Doc. No. 9-13]. Therein, petitioner argued (1) the jury instruction's presumption of consciousness was contrary to United States Supreme Court precedent; (2) the trial court's ruling excluding evidence of petitioner's recent dissociate episodes was in violation of state evidentiary law and petitioner's constitutional right to present a defense; and (3) the cumulative effect of the multiple errors deprived petitioner of his state and federal due process rights to a fair trial. [Doc. No. 9-13]. On November 24, 2015, the California Supreme Court summarily denied the petition for review. [Doc. No. 9-14].

On August 31, 2016, petitioner filed the instant federal petition for writ of habeas corpus. [Doc. No. 1]. On October 11, 2016, petitioner filed a Motion to Proceed in Forma Pauperis, which the Court granted on October 13, 2016. [Doc. Nos. 4, 5]. The Court issued a briefing schedule on October 20, 2016. [Doc. No. 6]. On December 12, 2016, respondent filed an Answer. [Doc. No. 8]. On June 26, 2017, petitioner filed his traverse. [Doc. No. 13].

## FACTUAL BACKGROUND

In reviewing a federal petition for writ of habeas corpus, this Court gives deference to the state court findings of fact and presumes them to be correct. Petitioner may rebut this presumption, but only by clear and convincing evidence. 28 U.S.C. 2254(e)(1); *see also Parke v. Raley*, 506 U.S. 20, 35-36 (1992). The following facts are taken from the California Court of Appeal's unpublished decision denying petitioner's direct appeal in Case No. D065591.

A. *The prosecution's evidence*

> On an evening in March 2013, [the victim] drove her Jaguar to a shopping mall. After parking her car, [the victim] popped open the trunk and got out of the car. [The victim] realized that she had left $10 on the seat of the car, and she reached down and picked up the money.

---

³ *People v. McGhee Duclos*, S229705 (Nov. 24, 2015).

[Petitioner] approached [the victim] with a gun[FN2] and told her to put her purse down and to place her keys on the driver's seat. [Petitioner] came within one or two feet of [the victim]. [The victim] put her purse on the driver's seat. [Petitioner] took the car keys and the $10 from [the victim], told her to back away, and got into her car.

[FN2] Police later determined that the gun was a BB gun. [END FN2]

[Petitioner] backed up the car and the trunk popped open. [Petitioner] stopped the car, got out, and closed the trunk. [The victim] screamed at [petitioner] to return her belongings. [Petitioner] pointed the gun at [the victim], got back into the car, and sped off. According to [the victim], during the encounter, [petitioner] appeared "very serious and very organized." Inside the Jaguar were [the victim's] iPhone, her purse, and a pair of diamond earrings.

As [petitioner] drove off, [the victim] began screaming for help. A woman heard [the victim's] screams and called 911. A responding police officer allowed [the victim] to use his iPhone to track the location of [the victim's] iPhone. Additional police units responded to the location at which [the victim's] iPhone had been detected. At that location the officers saw a car matching the description of [the victim's] Jaguar.

A short time later, a police officer saw [petitioner] walking away from the Jaguar. The officer stopped [petitioner] at gunpoint. [Petitioner] dropped the iPhone and car key and put his hands in the air. An officer recovered a BB gun from [petitioner's] waistband. [The victim] later identified [petitioner] at a curbside lineup.

Police transported [petitioner] to the police station. Once there, police searched [petitioner] and found cash, earrings, and [the victim's] credit cards and identification. Police also searched [petitioner's] cell phone and discovered a photograph of the BB gun that officers had found in [petitioner's] waistband.

San Diego Police Detective John Smith interrogated [petitioner]. [Petitioner] acknowledged having taken [the victim's] car, and provided several details concerning the incident. For example, [petitioner] stated that he obtained the BB gun from his brother's room and had taken a bus to the mall. According to Smith, [petitioner] also stated that he saw "the blonde lady

4

in the car, with her purse open, counting money, and he decided to take her car and money." Smith stated that [petitioner's] answers were responsive and "made perfect sense."

B. *The defense*

[Petitioner] presented evidence that he committed the acts comprising the offenses while in a dissociative fugue state. [ ] According to a defense expert, a person suffering from a fugue state may commit acts that appear to be purposeful without actually being conscious.

C. *Rebuttal evidence*

Three women testified that [petitioner] had robbed each of them during three separate robberies in 2006. In addition, Francisco Ramirez, a former San Diego police officer, testified concerning [petitioner's] commission of a robbery in 2003. According to Ramirez, during a police interview, [petitioner] initially denied committing the robbery, but subsequently admitting having robbed the victim after Ramirez told [petitioner] that witnesses had identified him.
[Doc. No. 9-12, at pp. 3-5].

## STANDARD OF REVIEW:

Federal habeas corpus relief is available only to those who are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "[A] mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) (internal quotations omitted).

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, which demands state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citations omitted). Under AEDPA, a habeas petition addressing a state court judgment imposes the following:

//

> "[A petition] on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1)&(2). For purposes of § 2254(d)(1), "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Therefore, a lack of controlling Supreme Court precedent can preclude habeas corpus relief. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008).

The standard of review under AEDPA is highly deferential and "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 100 (2011). For mixed questions of fact and law, if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts, federal habeas relief may be granted under the "contrary to" clause of § 2254. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The focus of inquiry under the "contrary to" clause is "whether the state court's application of clearly established federal law is objectively unreasonable." *Id.* "[A]n unreasonable application is different from an incorrect one." *Id.* In other words, federal habeas relief cannot be granted simply because a reviewing court concludes the state court decision is erroneous or incorrect based on its own independent judgment. *Id.* Habeas relief is only available under § 2254(d)(1) "where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts" with Supreme Court precedents. *Harrington*, 562 U.S. at 101. In addition, "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Where there is no reasoned decision from a state's highest court, a Federal Court "looks through" to the "last reasoned state-court opinion" and presumes it provides the

6

3:16-cv-02230-H-KSC

basis for the higher court's denial. *Ylst v. Nunnemaker*, 501 U.S. 797, 805-806 (1991). If the state court does not provide a reason for its decision, the Federal Court must conduct an independent review of the record to determine whether the state court's decision is objectively reasonable. *Crittenden v. Ayers*, 624 F.3d 943, 947 (9th Cir. 2010). To be objectively reasonable, a state court's decision need not specifically cite Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," the state court's decision is not deemed "contrary to clearly established Federal law."[*Id.*]. "AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." *Schriro v. Landrigan*, 550 U.S. 465, 473-474 (2007).

Here, the California Supreme Court denied the Petition without comment and therefore the California Court of Appeal's unpublished written opinion constitutes the "last reasoned state-court opinion" in the record. *Ylst*, 501 U.S. at 805-806. This Court will look to the California Court of Appeal's decision when evaluating each of the petitioner's claims under AEDPA's standards.

## DISCUSSION

### A. Exhaustion

As an initial matter, this Court must determine whether petitioner's constitutional claims have been exhausted in the state court. Prisoners in state custody who seek collateral relief in federal habeas proceedings are required to exhaust state judicial remedies, either on direct appeal or through state collateral proceedings, by presenting the highest state court with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. §§ 2254(b) and (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). It is undisputed that the petitioner exhausted his state court remedies as to the first, second, and third grounds for relief raised in his instant Petition. However, respondent contends that petitioner's fourth ground for relief has not been exhausted. The issue of exhaustion, however, need not be reached because the claim can be denied on the merits

7

for the reasons discussed below. *See* 28 U.S.C. § 2254(b)(2) (allowing district court to deny unexhausted claim on its merits); *see also Rhines v. Weber*, 544 U.S. 269, 270 (2005) (a district court would abuse its discretion if it granted a stay when the unexhausted claim is plainly meritless).

### B. Grounds One and Two: Exclusion of Evidence

In Ground One, petitioner contends the trial court abused its discretion in excluding certain evidence of his unconsciousness defense under California Evidence Code § 352 while allowing the prosecution to present evidence of seven prior offenses to prove consciousness. [Doc. No. 1, at pp. 6, 14]. In Ground Two, petitioner argues the trial court inappropriately excluded evidence, applied state law unevenly and arbitrarily, and therefore deprived him of his constitutional right to due process and to present a defense under the Fifth, Sixth, and Fourteenth Amendments. [Doc. No. 1, at pp. 7, 40-43].

#### 1. Summary of Trial Court's Ruling at Motions In Limine Hearing

Petitioner's defense to the charges was that he was in a dissociative fugue state and therefore unconscious when he acted. [Doc. No. 1, at p. 14]. Prior to trial, petitioner filed a motion in limine requesting permission to present mental health evidence and corroborating witnesses at trial in order to: (1) negate the offenses' specific intent element; and (2) prove unconsciousness as an affirmative defense. [Doc. No. 9-1, at pp. 21-25].

On January 21, 2014, during the hearing on the motions in limine, petitioner moved to admit evidence of his history of seizures and dissociative episodes through expert testimony and testimony from petitioner's family and friends. [Doc. No. 9-4, at pp. 9-14]. Petitioner also sought to introduce video evidence of an incident at George Bailey Detention Facility on August 16, 2013 that petitioner's counsel contended would support "the fact that [petitioner] suffers from a mental illness such that he has these psychogenic seizures, as well as these dissociative-fugue states, that are not explained by any organic, neurological cause." *Id.* at pp. 13, 16. Petitioner's counsel described the video at the in limine motions hearing as follows: "It does show [petitioner] coming out of his cell, bleeding, and apparently disoriented. He is walking in a stiff, odd manner, and yet he's

8

3:16-cv-02230-H-KSC

being followed by all these deputies, and eventually sits down and seems to fall or be pushed to the ground. But he doesn't seem to be concerned that he is bleeding." [Doc. No. 9-4, at p. 15].

The prosecution objected to the presentation of petitioner's history of seizures under California Evidence Code § 352 and argued that at the time petitioner committed the charged crimes, he was acting purposefully and there was "no evidence there [was] a seizure anywhere related to this activity. It's extremely prejudicial." *Id.* at pp. 18:22-25. The prosecution also objected to the video petitioner sought to introduce, arguing it was irrelevant and should be excluded. *Id.* at pp. 18-19. Nonetheless, the prosecution conceded petitioner should be allowed to present "some kind of testimony" concerning his alleged dissociative fugue state, but limitations should be "imposed and maintained." *Id.* at pp. 17-18, 20.

At the continued in limine motions hearing the next day, the trial court ruled that petitioner could present expert-witness testimony to show that he exhibited symptoms of a dissociative fugue state and a history of prior seizures.[4] [Doc. No. 9-4, at pp. 93-94]. The Court permitted testimony from both the petitioner and his family showing that petitioner had previously exhibited fugue state behaviors. [Doc. No. 9-4, at pp. 99-100]. Namely,

---

[4] The trial court explained the scope of the ruling on the evidence during the in limine motions hearing as follows:
> I think those two facts, that [petitioner's] been diagnosed and he's been given medication for years, are relevant and admissible and may be testified to from the review of the medical records. What I am not going to allow, either by live witnesses or from the medical records, is all the evidence that supports these two facts.
>
> In other words, the doctor can say, 'Look. He's been diagnosed with seizures going back as far as whenever. He's been given medication for seizures going as far back as whenever.' That's fine. That comes in. But what doesn't come in is, 'Well, the reason that that seizure diagnosis was valid was because on this date this happened to him, and on this date this happened to him, and his family members said this, and the jail said that.' We're not going to go into all that.

[Doc. No. 9-4, at pp. 93].

testimony that during some, but not all seizures, petitioner appeared to act with purpose and intentionality with no recollection of doing so afterwards. [*Id.*]. However, the trial court excluded the video recording from the jail and related testimony. [Doc. No. 9-4, at pp. 94-95].

### 2. Ground One: Alleged Abuse of Discretion for Excluding Evidence of Recently Suffered Seizures

Petitioner fails to raise a cognizable basis for federal habeas relief in Ground One, in which he alleges the trial court abused its discretion when it excluded evidence of his unconsciousness defense under California Evidence Code § 352. Specifically, this evidence consisted of potential testimony from witnesses who were present when petitioner experienced dissociative episodes. These witnesses were excluded only after the following witnesses were *approved* to testify on the subject: petitioner, himself; petitioner's parents; and two expert witnesses. The California Court of Appeal denied this claim for the reasons stated herein:

> [Petitioner] contends that the trial court abused its discretion by 'precluding [him] from presenting evidence of his most recent dissociative episodes.' We are not persuaded.
>
> Most importantly, the evidence that the trial court prevented [petitioner] from presenting was evidence of his suffering what appeared to be 'seizures' during which he appeared not to be acting purposively. Thus, the evidence that the trial court excluded was not direct evidence of [petitioner] having been in a fugue state at the time he engaged in the lengthy set of seemingly purposive acts that comprised the charged offenses, including committing the carjacking and robbery and driving away from the scene of the crimes.

[Doc. No. 9-12, at pp. 15-16].

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. *Middleton v. Cupp*, 768 F.2d 1083, 1097 (9th Cir. 1985); *Gutierrez v. Griggs*, 95 F.2d 1195, 1197 (9th Cir. 1983).

Such a writ is unavailable for alleged error in the interpretation or application of state law. *Middleton v. Cupp*, 768 F.2d at 1085. Habeas corpus cannot be used to try state issues de novo. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972).

The Supreme Court has reiterated the standard of review for a federal habeas court. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). In *Estelle*, the Court emphasized that "federal habeas corpus relief does not lie for error in state law." *Id.* at 67. The Supreme Court further notes the standard of review for a federal habeas court "is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States." *Id.* at 68 (internal citations omitted). An error in the trial court proceedings constitutes a due process violation when it involves issues of "fundamental fairness." The Supreme Court goes on to clarify that "we have defined the category of infractions that violate fundamental fairness very narrowly." *Id.* at 73. Habeas review does not lie in a claim the state court erroneously allowed or excluded particular evidence under state evidentiary rules. *Jammal v. Van De Kamp*, 926 F.2d 918, 919 (9th Cir. 1991). This Court agrees with the California Court of Appeals and finds the trial court's decision to deny requests to call multiple, duplicative, witnesses to support petitioner's unconsciousness defense did not violate due process. [Doc. No. 9-12, at pp. 2].

The California Court of Appeal's decision limiting petitioner's presentation of evidence is binding on this Court. [Doc. No. 9-12, at pp. 6, 15]; *See Bradshaw v. Richey*, 546 U.S. 74 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Accordingly, to the extent petitioner argues the trial court erred under state law by excluding evidence of his dissociative episodes, such a claim is not cognizable because this Court is bound by the Court of Appeal's construction of state law. *See Id.* at 76.

The Court agrees with the Court of Appeals that the state trial judge's ruling was correct under state law. *See People v. Boyette*, 29 Cal. 4th 381, 428 (2002) ("Although

completely excluding evidence of an accused's defense theoretically could rise to this level, excluding defense evidence on a minor or subsidiary point does not impair an accused's due process right to present a defense"). The testimony of the witnesses the trial court prevented petitioner from calling was deemed "marginally probative" and "cumulative." [Doc. No. 9-12, at p. 17]. And contrary to petitioner's claim, the trial court permitted petitioner to present extensive evidence in support of his defense that he was in a dissociative fugue state, including his own testimony, the testimony of his parents, and that of two experts. [*Id.* at p. 19]. Petitioner was not prevented from proffering testimony to support his defense and the trial court's reasoning is reasonable and persuasive.

### 3. Ground Two: Alleged Arbitrary Application of State Law, and Due Process Violations For Excluding Petitioner's Video Evidence

In Ground Two, petitioner argues that the trial court's decision to exclude video evidence and apply state law arbitrarily and unevenly amounted to a deprivation of his constitutional rights to due process, and to present a defense under the Fifth, Sixth, and Fourteenth Amendments. [Doc. No. 1, at pp. 7, 68].

Claiming a state court improperly applied state law, and therefore violated a petitioner's due process rights, does not transform the claim into a federal one. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). A criminal defendant has the constitutional right, under the Sixth and Fourteenth Amendments, to have a "meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). However, a defendant's right to present evidence in support of his defense is not unlimited. *Greene v. Lambert*, 288 F.3d 1081, 1090 (9th Cir. 2002). "[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Nevada v. Jackson*, 133 S.Ct. 1990, 1992 (2013) (*per curiam*) (*internal citations omitted*). Indeed, "the Supreme Court has indicated its approval of 'well-established rules of evidence [permitting] trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.'" *Moses v. Payne*, 555 F.3d 742, 757 (9th Cir. 2008) (quoting *Holmes v.*

*South Carolina*, 547 U.S. 319, 326 (2006)). The Ninth Circuit has found it is clearly established federal law that "a state rule or ruling may not arbitrarily deprive a defendant of his rights to present a defense or his right to present witnesses on his behalf." *Gray v. Klauser*, 282 F.3d 633 (9th Cir. 2002).

Even assuming constitutional error, a petitioner must show that the excluded testimony had a substantial and injurious effect or influence on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Excluding evidence pursuant to a state evidentiary rule is unconstitutional only where it "significantly undermined fundamental elements of the defendant's defense." *United States v. Scheffer*, 523 U.S. 303, 315 (1998); *see also Moses*, 555 F.3d at 757 ("Evidentiary rules do not violate a defendant's constitutional rights unless they infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve" (internal citations omitted)).

Here, the California Court of Appeal held that the trial court's evidentiary rulings did not violate petitioner's constitutional rights because petitioner was in fact permitted to present extensive evidence in support of his defense; including his own testimony, the testimony of his parents, and that of two experts. [Doc. No. 9-12, at pp. 19-21]. Moreover, the Court of Appeal agreed (1) the video was minimally probative, and (2) potentially over-prejudicial because it depicted petitioner "in a custodial setting, covered with blood, and disoriented". [*Id*, at p. 17-18]. Petitioner, ultimately, has failed to show how the excluded video evidence, deemed minimally probative, had a substantial and injurious effect or influence on the verdict. *See Brecht*, 507 U.S. at 623.

An independent review of the record reveals ample evidence supporting the Court of Appeal's decision that petitioner was afforded due process protections by the trial court to present his defense. Consequently, the California Court of Appeal's conclusion was not contrary to, nor an unreasonable application of, clearly established federal law. Nor was the decision the result of an unreasonable determination of the facts in light of the evidence

13

3:16-cv-02230-H-KSC

presented in the state court proceeding. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** Grounds One and Two for relief.

C.  **Ground Three: Jury Instructions**

Petitioner contends the trial court issued erroneous jury instructions contrary to federal due process. [Doc. No. 1, at pp. 70, 74]. Petitioner contends the presumption of consciousness instruction given to the jury relieved the prosecution of its burden to prove every element of the offense beyond a reasonable doubt. [*Id.*].

Habeas petitions asserting erroneous jury instructions warrant relief only where the petition establishes the ailing instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 71-72; *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (explaining that the challenged instruction cannot merely be "undesirable, erroneous, or even universally condemned"; it must violate some constitutional right); *Townsend v. Knowles*, 562 F.3d 1200, 1209 (9th Cir. 2009). A jury instruction is unconstitutional if there is a "reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence." *Boyde v. California*, 494 U.S. 370, 380 (1990). Put differently, an error exists when there is a reasonable likelihood the jury applied the challenged instruction unconstitutionally. *Calderon v. Coleman*, 525 U.S. 141, 146 (1998). The unconstitutional instruction must have "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637. The instruction "may not be judged in artificial isolation," but rather must be judged against the backdrop of all instructions given and the trial record. *Estelle*, 502 U.S. at 71 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Here, the trial court relied on CALCRIM No. 3425 to instruct the jury regarding petitioner's unconsciousness defense, which provides in pertinent part:

> The People must prove beyond a reasonable doubt that the defendant was conscious when he acted. If there is proof beyond a reasonable doubt that the defendant acted as if he were conscious, then you should conclude that he was

conscious, unless based on all the evidence, you have a reasonable doubt that he was conscious, in which case you must find him not guilty.

[Doc. No. 9-1, at pp. 151].

Petitioner contends the California Supreme Court's decision in *People v. Babbitt*, 45 Cal. 3d 660 (1988), upholding a presumption of consciousness instruction, is contrary to the United States Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States,* 133 S.Ct. 2151 (2013). [Doc. No. 1, at pp. 81]. Specifically, petitioner argues that *Apprendi* and *Alleyne* implicitly overruled another Supreme Court case, *Patterson v. New York* 432 U.S. 197 (1997), which in turn implicitly overrules *Babbitt*. [*Id.*]. Petitioner asserts, therefore, this Court should find California's presumption of consciousness instruction violates federal due process because it impermissibly lightens the prosecution's burden to prove every element of a crime beyond a reasonable doubt.

In *Babbit*, the California Supreme Court held that consciousness is not an element of an offense. 45 Cal. 3d at 693. Unconsciousness is a defense a defendant may raise and, in doing so, the government assumes the burden of disproving consciousness beyond a reasonable doubt. *Id.* However, "this fact of itself does not transform absence of the defense – consciousness – into an element of murder for purposes of due process analysis." *Id.* The California Supreme Court concluded "there is no constitutional impediment to the state's use of a rebuttable presumption in meeting its assumed burden – once the issue has been raised – to prove consciousness beyond a reasonable doubt." *Id.*, at 694.

Petitioner identifies two U.S. Supreme Court cases addressing the government's burden of proof and evidence admission that might serve to lessen punishment at the *sentencing* stage of a case. In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Alleyne*, the Supreme Court held that any fact that establishes a defendant's eligibility for a mandatory minimum sentence is considered an element of

15

the offense and must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2158.

Petitioner asserts that because consciousness is a "fact [that] alters the legally prescribed punishment so as to aggravate it," consciousness is an element that the prosecution must prove to a jury beyond a reasonable doubt under *Apprendi* and *Alleyne*. [Doc. No. 1, at pp. 80]. Petitioner's application of *Apprendi* and *Alleyene* to the dictates of *Babbit* is inapt. *Apprendi* and *Alleyne* dealt with sentencing factors, i.e., additional facts that determine the floor of punishment, or raise an offense to a higher level warranting greater punishment. Petitioner does not argue the alleged errors by the California Court of Appeals turned on its misapplication – or misunderstanding – of the Supreme Court rulings addressing sentencing. Instead he contends the California Appellate Court failed to recognize how the two Supreme Court rulings created a cascade of overruled cases, demanding *Babbit* be overruled. Thus the role *Babbit* played in petitioner's case – permitting the allegedly unconstitutional jury instruction – was improper. Put simply, the Supreme Court in *Apprendi* and *Alleyen* does not speak to the same due process questions the California Supreme Court speaks to in *Babbit*. Further, the California Court of Appeal found, and this Court agrees, that the Supreme Court has not directly overruled *Babbitt*. [Doc. No. 9-12, at pp. 24-26]. The trial court followed the dictates of *Babbit* when it issued the jury instruction, and the prosecution met its burden. The Court of Appeal reasoned that until the California Supreme Court or United States Supreme Court provides authority that is directly contrary to the California Supreme Court's decision in *Babbitt*, it is bound to follow the Court of Appeal's decision. *Id.*

Accordingly, the Court finds that the California Court of Appeal's denial of petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established Federal law. Consequently, the Court **RECOMMENDS** that Ground Three for relief be **DENIED**.

//
//

### D. Ground Four: Warrantless Search

Petitioner argues the trial court erred by failing to suppress a photograph taken from his phone and therefore the good-faith exclusionary rule articulated by the Supreme Court in *Riley v. California*, thus violating his Fourth Amendment rights. 134 S.Ct. 2473 (2014); [Doc. No. 1, at pp. 9]. Petitioner's fourth ground for relief must be denied.

Violations of the Fourth Amendment's exclusionary rule are not cognizable under federal habeas review. *Stone v. Powell*, 428 U.S. 465 (1976). Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the grounds that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *See Stone*, 428 U.S. at 494; *Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015) (*Stone* survived the passage of the Antiterrorism Effective Death Penalty Act and bars a Fourth Amendment claim on federal habeas review where a petitioner had a full and fair opportunity in state court to litigate such claim). "The relevant inquiry is whether the petitioner had the *opportunity* to litigate his claim, not whether he did in fact do so or whether the claim was correctly decided." *Ortiz–Sandoval v. Gomez*, 81 F.3d at 899 (internal citations omitted) (emphasis added).

The state trial court and California Court of Appeal heard and considered petitioner's Fourth Amendment claim. [Doc. No. 9-12, at pp. 25-31]. Thus petitioner was afforded a full and fair opportunity to litigate his claim. *See Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005); *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990). Accordingly, federal habeas corpus review of the warrantless search of petitioner's phone is precluded.

Consequently, the Court **RECOMMENDS** that Ground Four for relief be **DENIED**.

//
//
//
//

## CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Marilyn L. Huff under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: 1) approving and adopting this Report and Recommendation; and 2) directing that Judgment be entered denying the Petition for Writ of Habeas Corpus.

**IT IS HEREBY ORDERED THAT** any party may file written objections with the District court and serve a copy on all parties **no later than November 3, 2017**. The document should be entitled "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than two weeks after receipt of the objections or **November 17, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: October 12, 2017

Hon. Karen S. Crawford
United States Magistrate Judge